UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JAMES RAYMOND, MARK LEE and JOSEPH LILLARD, <br><br> Plaintiffs, <br><br> -against- <br><br> MID-BRONX HAULAGE CORP., and ARNOLD SIRICO, <br><br> Defendants. | 15-cv-05803 (RJS) <br><br> **SECOND AMENDED COMPLAINT** <br><br> **Jury Trial Demanded** |
|---|---|

Plaintiffs JAMES RAYMOND, MARK LEE and JOSEPH LILLARD ("Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, allege as follows:

### NATURE OF ACTION

1.   This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New York Labor Law ("NYLL") Article 19 § 663; NYLL Article 6 §§ 190, *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to Plaintiffs for work they performed for MID-BRONX HAULAGE CORP. ("Mid-Bronx") and ARNOLD SIRICO, and/or any other entities affiliated with or controlled by MID-BRONX HAULAGE CORP. and ARNOLD SIRICO (hereinafter collectively as "Defendants").

2.   Beginning in approximately June 2009 and through the present, Defendants engaged in a policy and practice of requiring the Plaintiffs to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3.   Under the direction of Arnold Sirico, Defendant Mid-Bronx instituted this practice of depriving the Plaintiffs of overtime compensation.

4. The Plaintiffs have initiated this action seeking compensation of earned but unpaid compensation, specifically unpaid overtime compensation, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where the Defendant resides.

## THE PARTIES

7. The Plaintiffs are individuals residing in the State of New York who performed labor as a waste collector for the Defendants.

8. Upon information and belief, Defendant MID-BRONX HAULAGE CORP. is a corporation incorporated under the laws of the State of New York, with its principal location at 19 Carrie Court PO Box 1643, Smithtown, New York 11787.

9. Upon information and belief, defendant ARNOLD SIRICO is a resident of New York at 8 Balsam Fir Loop, Wappingers Falls, New York 12590, and at all relevant times, is an owner, principal shareholder and/or director of Defendant Mid-Bronx.

10. Upon information and belief, Arnold Sirico was an officer, director, and/or owner of Mid-Bronx and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees and (4) maintained employment records.

11. Upon information and belief, Arnold Sirco, as the owner, officer and/or director of

Mid-Bronx, dominated the day-to-day operating decisions and made major personnel decisions.

12. Upon information and belief, Arnold Sirico had complete control of the alleged activities of Mid-Bronx, which give rise to the claims brought herein.

## FACTS

13. Upon information and belief, since June 2009, Defendant employed the Plaintiffs to perform work collecting and disposing of waste for Defendants' waste collection and disposal business.

14. Upon information and belief, Plaintiffs worked predominately or exclusively within the state of New York.

15. Upon information and belief, Plaintiffs were regularly required to perform work for Defendant without receiving overtime compensation as required by applicable federal and state laws.

16. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, the Defendant constitutes an "enterprise engaged in commerce."

17. Upon information and belief, Defendant Mid-Bronx's gross yearly revenues are in excess of $500,000.00.

18. Plaintiff Lee has worked continuously for Defendants since June 2009.

19. Plaintiff Lee typically worked in excess of eight (8) hours per day, five (5) days per week.

20. Plaintiff Lee is paid for no more than forty (40) hours per week at the present hourly rate of $28.16 per hour, regardless of the hours worked.

21. Likewise, Plaintiff Raymond has continuously worked for Defendants since June 2009.

22. Plaintiff Raymond typically worked in excess of eight (8) hours per day, five (5) days per week.

23. Plaintiff Raymond is paid for no more than forty (40) hours per week at the present hourly rate of $28.16 per hour, regardless of the hours worked.

24. Plaintiffs Raymond and Lee both worked as drivers and typically started each day at 8:00 a.m. and worked until at least 5:00 p.m., but they were often required to work until 7:00 p.m. or later without any breaks.

25. Defendant Arnold Sirico would direct Plaintiff Raymond to pick up garbage from specific customers and to deliver containers.

26. When Raymond wanted a raise, he would speak with Arnold Sirico. Sirico denied Raymond's requests for a raise on numerous occasions.

27. In 2015 Plaintiffs were required to work an overnight shift, which would typically start at 9:00 or 10:00 p.m. and last until at least 7:00 a.m., but often did not end until 8:00 or 9:00 a.m.

28. Plaintiff Lilliard also worked for Defendants as a driver and was typically required to work five days per week.

29. Lilliard's shift typically commenced at 10:00 to 11:00 pm and ended at 6:00 a.m. on Monday and Wednesday, and at 7:00 and 9:00 a.m. on Sunday, Tuesday and Thursday. He would often work additional hours on edays when events took place at Yankee Stadium.

30. Plaintiffs Lee, Lilliard and Raymond typically worked in excess for forty (40) hours each week and were not paid more that their straight time hourly rate for up to 40 hours.

31. Upon information and belief, while working for Defendants, Plaintiffs did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the

time in which they worked after the first forty (40) hours in any given week.

32. Defendant Sirico had the power to hire and fire Plaintiffs, and to set their methods of payment and deductions from their wages. Defendant Sirico constitutes an "employer" within the meaning of the New York Labor Law and the FLSA

33. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York law by failing to maintain proper and complete timesheets or payroll records.

**FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT
FLSA OVERTIME COMPENSATION**

34. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 33 hereof.

35. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

36. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37. The Plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

38. Mid-Bronx and Arnold Sirico are "employers", within the meaning contemplated

in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

39.     Upon information and belief, Defendants failed to pay Plaintiffs earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

40.     The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

WHEREFORE, the Plaintiffs demand judgment for:

(a) damages;

(b) liquidated damages;

(c) attorneys' fees;

(d) costs of suit.

## SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT
## FOR NEW YORK OVERTIME COMPENSATION

41.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 40 hereof.

42.     12 NYCRR §142-2.2 requires that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply."

43.     Defendants failed to pay Plaintiffs overtime wages for all hours worked over forty in any given week, in violation of 12 NYCRR § 142-2.2 and NYLL § 663.

44.     Pursuant to New York Labor Law § 651, the term "employee" means "any

individual employed or permitted to work by an employer in any occupation."

45. As persons employed for hire by Defendants, the Named Plaintiffs are "employees," as understood in Labor Law § 651 and case law interpreting the same.

46. Mid-Bronx and Arnold Sirico are "employers" within the meaning of § 651.

47. Defendants' failure to pay Plaintiffs their earned overtime wages was willful.

WHEREFORE, the Plaintiffs demand judgment for:

(a) damages;

(b) liquidated damages;

(c) attorneys' fees;

(d) costs of suit.

WHEREFORE, Plaintiffs demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(3) any other and further relief the Court may deem appropriate.

Dated: New York, New York
       January 5, 2015

                              VIRGINIA & AMBINDER, LLP

                       By: _/s/ Lloyd Ambinder_____
                            Lloyd Ambinder, Esq.
                            Suzanne Leeds Klein, Esq.
                            Jack L. Newhouse, Esq.
                            Virginia & Ambinder, LLP
                            40 Broad Street, 7th Floor

New York, New York 10004
(212) 943-9080
*Attorneys for the Plaintiffs*