

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RAYMOND, *et al.*,

                           Plaintiffs,

    -v-

MID-BRONX HAULAGE CORP., *et al.*,

                           Defendants.

No. 15-cv-5803 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

    Plaintiffs James Raymond, Mark Lee, and Joseph Lillard bring this action against their employers, Mid-Bronx Haulage Corporation ("Mid-Bronx") and Arnold Sirico, alleging that Mid-Bronx improperly withheld overtime and other compensation as required by federal and state wage and hour laws. Now before the Court is Defendants' motion for reconsideration of the Court's order denying their motion to compel arbitration and to stay these proceedings pending interlocutory appeal of that denial. For the reasons that follow, the motion for reconsideration is granted, the Court's order denying the motion to compel arbitration is vacated, and the motion to stay is denied as moot. Furthermore, the motion to compel arbitration is granted with respect to Plaintiffs Raymond and Lee, and the parties are ordered to submit additional briefing with respect to Plaintiff Lillard.

<h2 style="text-align:center">I. BACKGROUND</h2>

    The Court assumes the parties' familiarity with the facts of this case and the background of the instant motion. (*See, e.g.*, Doc. Nos. 75, 109.) On May 24, 2017, the Court denied Defendants' motion to compel arbitration, finding that Defendants had waived their right to arbitration as reflected in two collective bargaining agreements (the "CBAs") between Mid-Bronx and the union representing Mid-Bronx employees, Local 813 International Brotherhood of Teamsters (the "Union"), by litigating this case

for two years, engaging in substantive discovery and motion practice, and filing a motion to compel arbitration just over a month before trial was scheduled to commence. (Doc. No. 109.)  On May 26, 2017, Defendants filed a letter requesting that this action be stayed pending an interlocutory appeal of the May 24 order. (Doc. No. 111 (the "Letter").)  The same day, at the final pretrial conference, the Court agreed to treat the Letter as a motion for reconsideration.  The Letter discusses a substantive issue that Defendants did not raise in their briefing on their motion to compel arbitration:  whether the original arbitration clause contained in the CBAs is enforceable against statutory causes of action pursuant to the rule established in *Rogers v. New York University*, 220 F.3d 73, 76 (2d Cir. 2000).  Plaintiffs filed their opposition to the Letter on May 30, 2017 (Doc. No. 114), and Defendants filed their reply on May 31, 2017 (Doc. No. 116).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide different standards for reconsideration of different types of orders and judgments.  For "final judgments, orders, and proceedings," for instance, Rule 60 allows reconsideration in limited circumstances only.  *See* Fed.R.Civ.P. 60(b).  For non-final orders, on the other hand, Rule 54(b) allows for reconsideration in the district court's equitable discretion.  *See* Fed.R.Civ.P. 54(b) (stating that nonfinal judgments "may be revised at any time before the entry of a [final judgment]"); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("'So long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'") (quoting *United States v. Jerry*, 487 F.2d 600, 6005 (3d Cir. 1973)).

Here, because the May 24 order was not a final order, *see Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (final order is a decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment"), Rule 54(b) and its equitable standard applies.  Under that standard, a court must be mindful that "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it

2

again.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)).  As such, a motion for reconsideration should be denied unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal.  In that situation, reconsideration saves the parties' (and the Circuit's) time by avoiding a second, unnecessary battle in the Court of Appeals.  A strong likelihood of reversal exists, and thus reconsideration should be granted, where there is "an intervening change of controlling law, . . . new evidence, or [a] need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartkov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted).  A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### III. DISCUSSION

#### A.  Defendants Did Not Waive Their Right to Arbitrate

In order for a mandatory arbitration provision in a collective bargaining agreement to encompass an employee's claims under state or federal statutes, the inclusion of those claims must be "clear and unmistakable."  *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016) (quoting *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80–81 (1998)).  In *Rogers v. New York University*, the Second Circuit interpreted this standard to require that an arbitration provision contained in a collective bargaining agreement refer either to the statutes at issue (in that case, the Americans with Disabilities Act, the Family Medical Leave Act, and New York City Human Rights Law), or to statutory causes of action generally, in order to apply to statutory causes of action.  *See* 220 F.3d at 77.  In *Lawrence v. Sol G. Atlas Realty Co.*, the Second Circuit applied this rule to claims under the FLSA and NYLL, among other statutes.  *See* 841 F.3d at 83.

3

In this case, the arbitration provision contained in the CBAs was unenforceable as to Plaintiffs' claims under the FLSA and NYLL because the CBAs did not specifically refer to those statutes or to state and federal law generally. The pertinent part of the arbitration provision in the CBAs reads:

> All grievances concerning a bargaining unit Employee's overtime, vacation, sick leave and holiday claims shall be submitted [to the arbitration procedures described] within ninety (90) days of the time the grievant knew, or should reasonably have know[n] of the grievance.

(Doc. No. 86-1.)  Because it contains no reference to the FLSA or NYLL, or to causes of action under federal and state law, this arbitration provision does not satisfy the exacting standard in set forth in *Rogers* and *Lawrence*.

In contrast, the arbitration provision contained in the Memorandum of Agreement ("MOA") entered into between Mid-Bronx and the Union on April 14, 2017 *does* make specific reference to the applicable statutes.  The MOA reads in pertinent part:

> [A]ny disputes concerning or relating to an employee's wages and hours, including claims made pursuant to the Fair Labor Standards Act and the New York Labor Law shall also be subject to the grievance and arbitration procedure contained herein.  There shall be no right or authority for any of the above claims to be arbitrated on a class action basis.  All such claims contained in this Article shall be subject to the grievance and arbitration procedure as the sole and exclusive remedy for violations for all current employees, as well as past employees.

(Doc. No. 86-2.)  The arbitration provision in the MOA further states that the parties agree to arbitrate "in accordance with the rules of the American Arbitration Association."  (*Id.*)  The MOA thus represents the first enforceable arbitration provision as to Plaintiffs' claims in this action.  Therefore, the Court finds that Defendants did not waive their right to arbitration, since they promptly alerted the Court of their intention to file a motion to compel arbitration after the ratification of the MOA in April 2017.  (*See* Doc. No. 79.)

Because Defendants did not waive their right to compel arbitration, the Court proceeds to address the additional arguments raised in Plaintiffs' opposition to Defendants' motion to compel arbitration.

B.  Defendants' Motion Is Not Barred by the LMRA's Statute of Limitations

Plaintiffs argue that, because Defendants seek to enforce an arbitration provision contained in a collective bargaining agreement, their motion to compel arbitration is governed by Section 301 of the Labor Management Relations Act ("LMRA"), not the Federal Arbitration Act ("FAA").  Plaintiffs further argue that the six-month statute of limitations under the LMRA applies to Defendants' motion to compel arbitration, and that this limitations period has expired, thus barring Defendants' motion.  The Court disagrees.

As a preliminary matter, the Court is not persuaded that the motion to compel arbitration is governed by the statute of limitations for claims brought under the LMRA.  The LMRA statute of limitations applies to unfair labor practices claims before the National Labor Relations Board, claims that are "analogous to a claim under the NLRA" such as unfair representation claims, *Local Union No. 38 v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc.*, 314 F. Supp. 2d 332, 346 n.8 (S.D.N.Y. 2004) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–64 (1983)), and "hybrid" Section 301/fair representation claims brought under the LMRA, *Maack v. Wyckoff Heights Med. Ctr.*, No. 15-cv-3951 (ER), 2016 WL 3509338, at *9 (S.D.N.Y. June 21, 2016).  By its own terms, Section 301 governs "[s]uits by and against labor organizations" for "violation[s] of contracts between an employer and a labor organization representing employees in an industry affecting commerce."  29 U.S.C. § 185(a).  Plaintiffs cite no authority for the proposition that Defendants' motion to compel arbitration of their *employees'* wage and hour claims is subject to the statute of limitations for claims under the LMRA simply because their motion is made pursuant to an arbitration clause in a collective bargaining agreement.  Instead, Plaintiffs' brief cites to cases between *unions* and employers involving petitions to enforce an arbitration provision in a collective bargaining agreement.  *See, e.g.*, *Coca-Cola Bottling Co. of N.Y. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 54–55 (2d Cir. 2001) (holding that the FAA does not apply in cases brought under sections of the LMRA authorizing suits in federal

5

court for violation of collective bargaining agreements).  In contrast to these cases, the instant case is not between an employer and a union, and neither Plaintiffs' complaint nor Defendants' motion to compel arbitration alleges a claim under the NLRA or LMRA.

But even assuming that the motion to compel arbitration is governed by the statute of limitations for claims under the LMRA, Plaintiffs have failed to show that the statute of limitations has run.  As Plaintiffs acknowledge, "[a]n action to compel arbitration [under the LMRA] accrues when a party unequivocally refuses a demand to arbitrate." *Associated Brick Mason Contractors of Greater N.Y., Inc. v. Harrington*, 820 F.2d 31, 38 (2d Cir. 1987).  Here, Plaintiffs contend that (1) Defendants' assertion of an affirmative defense – that Plaintiffs failed to exhaust their arbitral remedies – constituted a demand to arbitrate, and (2) the statute of limitations began to run when Plaintiffs served discovery requests in this action.  But even if Defendants' affirmative defense could be construed as a "demand to arbitrate" – a proposition for which Plaintiffs cite no authority – it strains credulity to suggest that Plaintiffs' service of discovery requests amounted to an "unequivocal refusal" of that demand.  To the contrary, courts require "clear" and "express" conduct, such as a motion to stay arbitration procedures or an explicit objection to arbitration proceedings, before finding an unequivocal refusal to arbitrate. *Astro Vencedor Compania Naviera, S.A. v. Gen. Org. for Supply Goods, Cairo*, No. 94-cv-3429 (AGS), 1996 WL 22966, at *8 (S.D.N.Y. Jan. 23, 1996); *see also Schweizer Aircraft Corp. v. Local 1752*, 29 F.3d 83, 87 (2d Cir. 1994) (petition to stay arbitration in state court was the "only unequivocal refusal to arbitrate"); *Hotel Greystone Corp. v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, 902 F. Supp. 482, 485 (S.D.N.Y. 1995) (petition to stay arbitration constituted unequivocal refusal to arbitrate); *Diamond D Const. Corp. v. Int'l Union of Operating Engineers*, 15 F. Supp. 2d 274, 290 (W.D.N.Y. 1998) (assertions in pleadings and letters did not alone constitute an unequivocal refusal to arbitrate, but "consistent opposition to [union's] attempts to compel arbitration for the past six-plus years" did).

Accordingly, the Court finds that Defendants' motion to compel arbitration is not governed by the statute of limitations for claims brought under Section 301 of the LMRA, and in any event, is not time-barred.

### C. The Issue of Retroactivity Is for an Arbitrator to Decide

Plaintiffs next argue that Defendant's motion to compel arbitration should be denied because the MOA, which was executed by Mid-Bronx and the Union on April 14, 2017, cannot be applied retroactively to causes of action that accrued years earlier.  Plaintiffs further maintain that the Union never intended for the MOA to be applied retroactively, attach declarations from Andrew Hoffman and Raul Borrero stating as much (Doc. Nos. 101-3, 101-4), and argue that the question of retroactivity is a question for the Court to decide, not the arbitrator.  However, pursuant to the federal policy interpreting arbitration provisions in favor of arbitration, the Second Circuit generally presumes retroactive application of broad arbitration provisions absent explicit temporal limitations.  *See Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999) (applying arbitration clause to claims accruing prior to agreement to arbitrate "any dispute, disagreement, controversy or claim arising under . . . the agreement"); *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1212 (2d Cir. 1972) (same, for arbitration clause applicable to "any controversy"); *see also Arrigo v. Blue Fish Commodities, Inc.*, 408 Fed. App'x. 480, 482 (2d Cir. 2011) (summary order) (same, for arbitration clause applicable to "all federal and state statutory claims").  Significantly, district courts have applied this presumption of retroactivity to modifications of arbitration provisions in collective bargaining agreements.  *See Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236, 241 (S.D.N.Y. 2016) (amendment to collective bargaining agreement that contained arbitration provision specific to FLSA and NYLL claims applied retroactively); *see also Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010).

However, the Court need not reach the question of whether the arbitration provision in the MOA should be applied retroactively because that question is properly decided by the arbitrator, not the Court. In deciding whether claims are subject to arbitration, courts consider "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). Before addressing the second inquiry, a court must first determine whether the court or the arbitrator properly decides the issue. *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393 (2d Cir. 2011). Questions of arbitrability, such as whether the parties are bound by an arbitration clause or whether the clause applies to a particular type of controversy, are for a court to decide unless the parties clearly and unmistakably provide otherwise. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002). By contrast, "gateway questions," such as time limits, notice, and other procedural issues "which grow out of the dispute and bear on its final disposition," are presumptively for an arbitrator to decide. *Id.*

Here, there can be no dispute that at least Raymond and Lee, through the Union, entered a valid agreement to arbitrate claims under the FLSA and NYLL. The only issue is whether the arbitration clause in the MOA applies retroactively to claims accruing prior to its execution. But since the arbitration provision applies broadly to "any disputes concerning or relating to an employee's wages and hours" and includes an agreement "to arbitrate any and all disputes," it is clearly susceptible to an interpretation that it covers claims accruing prior to its execution, and the issue of retroactivity must therefore be decided by an arbitrator. *See McAllister Bros., Inc. v. A&S Transp. Co.*, 621 F.2d 519, 522 (2d Cir. 1980) ("If the arbitration clause is broad and arguably covers [the dispute at issue], arbitration should be compelled and the arbitrator should decide any claim that the arbitration agreement, because of substantive or temporal limitations, does not cover the underlying dispute."); *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 64 (2d Cir. 1983) ("Simply stated, a court should compel arbitration, and permit the arbitrator to decide whether the dispute falls within the clause, if the clause is 'broad.'"); *Mazza v. Special Touch Home Care*

8

*Servs., Inc.*, No. 16-cv-1185 (ARR), 2016 WL 6459623, at *2 (E.D.N.Y. Oct. 31, 2016) (whether arbitration clause in MOA applied retroactively to claims governed by then-existing collective bargaining agreement is to be decided by arbitrator).[1]

Plaintiffs nevertheless rely upon the Second Circuit's holding in *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391 (2d Cir. 2015) for the proposition that the Court, not an arbitrator, must determine whether the MOA applies retroactively. But *Holick* should not be read so broadly. In *Holick*, the Second Circuit found that the language of an arbitration provision – which applied to claims "aris[ing] out of, or [relating] to . . . *Employee's* employment with" the defendant – did not apply to claims that accrued while the plaintiffs were independent contractors, *before* they became employees of the defendant. *Id.* at 394 (emphasis added). The *Holick* court found that "the presumption of arbitrability" was overcome because the language of the arbitration provision and the intervening change in plaintiffs' employment status – from independent contractors to employees – supplied "positive assurance" that the parties did not intend for the arbitration clause to cover disputes arising before the plaintiffs became employees. *Id.* at 398. In contrast to the facts of *Holick*, where "the parties' contractual positions changed in a way that impacted arbitrability," *id.*, here there is no dispute that Plaintiffs were employees at all times relevant to the complaint. In short, this case, unlike *Holick*, falls squarely under the Second Circuit's instruction that parties may agree to arbitrate the question of arbitrability, *see Contec Corp.*, 398 F.3d at 208, and that the temporal limits of broad arbitration provisions are for an arbitrator to decide, *see Prudential Lines, Inc.*, 704 F.2d at 63–64.

---

[1] Indeed, even if there were any doubt as to whether retroactivity was a question for the arbitrator to decide, as opposed to a question of arbitrability for the Court to decide, the law in this Circuit is clear that the arbitration provision's incorporation of American Arbitration Association ("AAA") rules "that empower an arbitrator to decide issues of arbitrability . . . serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005); (Doc. Nos. 106-1 at 17, 106-2 at 8 (AAA rules grant the arbitrator power to "rule on his or her own jurisdiction," including with respect to "the existence, scope, or validity of the arbitration agreement").) Therefore, whether or not retroactivity is a question of arbitrability, it is for the arbitrator to decide.

For the reasons stated above, the Court finds that the issue of whether the MOA applies to claims accruing prior to its execution by Mid-Bronx and the Union is properly decided by an arbitrator.

### D.   Plaintiff Lillard's Claims Are Not Clearly Governed by the MOA

But while retroactivity of the MOA is an issue to be resolved by the arbitrator with respect to Plaintiffs Raymond and Lee, the same cannot necessarily be said for Plaintiff Lillard, who was no longer employed by Defendants at the time the MOA was executed.  As the Second Circuit has observed, "arbitration is a matter of contract," and therefore "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Transit Mix Concrete Corp. v. Local Union No. 282*, 809 F.2d 963, 967 (2d Cir. 1987).  Here, Plaintiffs argue that Joseph Lillard is not bound by the MOA's arbitration clause because it was negotiated after he stopped working for Defendants, he did not consent to its terms, and the Union had no power to bind, represent, or enter into agreements on behalf of past employees. Defendants, for their part, argue that the arbitration provision explicitly applies to "past employees," including Lillard, and that the arbitration provision's incorporation of AAA rules means that the question of the whether the arbitration provision applies to Lillard's claims is for an arbitrator to decide.

Unfortunately, the parties have provided little in the way of facts or legal authority to assist the Court in evaluating these arguments.  Further, the Court does not find the discussion of the issue in *Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221 (S.D.N.Y. 2016), which by its own terms is dicta, *see id.* at *228 n.4, to be particularly instructive as that case neither discusses whether the plaintiffs were union members nor sufficiently explains its conclusion that "plaintiffs may not be bound by subsequently adopted amendments to a collective bargaining agreement to which they were not parties," *id.* at 228.  Obviously, neither Chu nor Lillard were *parties* to their respective collective bargaining agreements, which by definition were between the employers and their unions.  The issue is whether the Union continued to serve as Lillard's representative, even after he ceased

to be employed by Defendants, a determination that may turn, at least in part, on whether Lillard was still a member of the Union at the time the MOA was executed. Accordingly, the parties shall file additional submissions regarding (1) the factual question of whether Lillard was still a member of the Union when the Union executed the MOA, and (2) the legal question of whether a union may properly represent and bind its members, regardless of whether they were employees at the time the labor agreement was negotiated.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is GRANTED, and the Court's May 24, 2017 order (Doc. No. 109) is VACATED. IT IS FURTHER ORDERED that Defendants' motion to compel arbitration and stay these proceedings is GRANTED with respect to Plaintiffs James Raymond and Mark Lee. IT IS FURTHER ORDERED that the parties shall submit supplemental briefing on the issue of the MOA's applicability to Plaintiff Lillard, with Defendants' brief due June 16, 2017 and Plaintiffs' brief due June 23, 2017. The trial previously scheduled to commence on June 12, 2017 is adjourned *sine die* pending the submission of the parties' supplemental briefs. IT IS FURTHER ORDERED that, because the order denying Defendants' motion to compel arbitration has been vacated, the motion to stay these proceedings pending interlocutory appeal of that order is DENIED as moot. The parties are directed to submit a joint letter by June 14, 2017, apprising the Court as to whether they intend to voluntarily dismiss the pending appeal, which is also moot in light of this order. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 111.

SO ORDERED.

Dated:     June 10, 2017
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

11